UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LANCE EDWARD GLOOR,<br><br>Defendant. | Case No. 3:13-cr-05659-TMC-1<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant Lance Edward Gloor's motion for early termination of supervised release. Dkt. 394. The Court has considered Mr. Gloor's motion, the response from the United States (Dkt. 397), the memorandum from Mr. Gloor's probation officer (Dkt. 396), and the underlying record of Mr. Gloor's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3583(e) and § 3553(a) support Mr. Gloor's continued supervision, the Court DENIES the motion.

## I. BACKGROUND

In January 2016, a jury found Mr. Gloor guilty of conspiracy to distribute marijuana and manufacture of marijuana. Dkt. 245 at 1. In June 2016, Mr. Gloor was sentenced to 120 months imprisonment and five years of supervised release. *Id.* at 2–3. His term of supervised release began on October 27, 2023 and is set to expire on October 26, 2028. Dkt. 396 at 1. In February

2025, Mr. Gloor was in a motor vehicle accident that caused him serious injuries and left him unable to work. *See id.* He has had several minor violations while on supervision, most related to drug and alcohol use, and probation reports that he has struggled to communicate consistently with his probation officer. *See id.* at 2. The Court modified Mr. Gloor's conditions of supervision to exclude marijuana from his drug testing in March 2026. Dkt. 393. The United States opposes early termination, noting Mr. Gloor's criminal history, pre-indictment conduct, pre-trial bond violations (including an enhancement to Mr. Gloor's sentencing guidelines for obstruction of justice), and conduct while in prison, in addition to his violations of supervised release. Dkt. 397. The probation office has deferred to the Court's decision on early termination. Dkt. 396 at 2.

## II. DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may end a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to

provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. Gloor. In this case, the most significant factors are the history and characteristics of the defendant and the need for the sentence to deter criminal conduct and protect the public. While Mr. Gloor's supervision violations have been relatively minor, he has a long history of deception and failing to comply with the Court's orders, sometimes in ways that have threatened public safety. He has also struggled to maintain consistent contact with his probation officer and is still considered a moderate risk to reoffend. While the Court removed marijuana testing to make his supervision less onerous considering his physical injuries, Mr. Gloor has not yet demonstrated that he can lawfully self-manage beyond the period of supervision or that the interests of justice support early termination of supervised release.

## III. CONCLUSION

For these reasons, the Court DENIES Mr. Gloor's motion for early termination of supervised release (Dkt. 394). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 10th day of August, 2026.

Tiffany M. Cartwright
United States District Judge